**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

CHRISTOPHER HAKEAM JABBAR WISE,

      Plaintiff,

        v.                       CAUSE NO. 3:26-CV-530-TLS-AZ

DAMIAN,

      Defendant.

**OPINION AND ORDER**

Christopher Hakeam Jabbar Wise, a prisoner without a lawyer, filed a complaint. ECF 1.

Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief. To proceed beyond the pleading

stage, a complaint must contain sufficient factual matter to "state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson

v. Pardus*, 551 U.S. 89, 94 (2007).

Wise alleges he was called to retrieve some legal mail from the Allen County Jail's mail

room on March 23, 2026. When he arrived, Officer Damian/C-1493 told Wise he had "five pages

that were single sided" that had been mailed to him. ECF 1 at 2. She made copies of the enclosed

mail and ran the originals through the shredder while he was there. When Wise returned to his

cell block, he discovered that a "single page [was] missing from the five pages I was supposed to

of (sic) gotten." *Id*. He filed grievances about the matter, but it was not resolved. He has sued Officer Damian for unspecified relief.

In the prison context, the Constitution places heightened protection on "legal mail," defined as mail to and from an inmate's attorney and properly designated as such because of the potential for interference with his right of access to the courts and his Sixth Amendment right to counsel. *Rowe v. Shake,* 196 F.3d 778, 782 (7th Cir. 1999); s*ee also Guajardo-Palma v. Martinson*, 622 F.3d 801, 802 (7th Cir. 2010). "Prison officials may inspect (but not read) a prisoner's legal mail, but only in the presence of the prisoner." *Beese v. Liebe*, 51 F. App'x 979, 981 (7th Cir. 2002) (citing *Wolff v. McDonnell,* 418 U.S. 539, 577 (1974)). Here, Wise does not describe the mail at issue other than to say it was legal mail. It is unclear whether it was actually a protected, confidential communication or whether it was merely mail about a legal subject. *See Freeman v. Wilson*, No. 23-1962, 2023 WL 8274582, at *2 (7th Cir. Nov. 30, 2023) ("Public documents and routine and nonsensitive documents do not implicate the right of access [and he] could not have any confidential communication from opposing counsel.") (cleaned up)).[1]

Either way, even assuming his mail *was* confidential and properly labeled, Wise admits Officer Damian called him down to the mail room, made copies of it for him with the exception of one page, and shredded the originals. Nothing about those actions suggests she violated the Constitution. At most, Wise describes an isolated incident of negligence when she failed to copy

---

[1] For example, publicly filed court orders are not entitled to heightened constitutional protection. Communications from the court addressed to an inmate are deemed public and, therefore, are not entitled to the same constitutional protections as communication with an attorney. *See Guajardo-Palma v. Martinson,* 622 F.3d 801, 804 (7th Cir. 2010). Nor are letters from a governmental agency entitled to heightened constitutional protection. *See id.* at 806 (explaining letters from governmental agencies would not give the "reader insights into the prisoner's legal strategy"). An individual jail is free to include court orders and other official mail in its definition of "legal mail" and grant them the same heightened protection as attorney mail. But that does not bestow these letters with special constitutional protections. Violations of jail regulations or state law, alone, do not violate the constitution. *See Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003).

all five pages. This does not state a claim. *See, e.g., Waubanascum v. Shawano Cnty.*, 416 F.3d 658, 668 (7th Cir. 2005) ("Negligence or even gross negligence does not suffice to give rise to liability under § 1983") (citations omitted)); *see also Jones v. Walker*, 358 F. App'x 708, 712 (7th Cir. 2009) (explaining the district court was correct to dismiss claim because opening of one piece of inmate's legal mail did not violate the Constitution where it did not adversely impact his ability to litigate a specific matter and was not part of an ongoing practice of legal mail interference).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the complaint fails to state any claims.

SO ORDERED on June 16, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3